**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FREDY ANDRADE RODRIGUEZ, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02203-SHL-cgc |
| SCOTT LADWIG, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER, AND DIRECTING PETITIONER TO FILE
SUPPLEMENTAL FACTS AND SERVE RESPONDENT**

On February 26, 2026, Petitioner Fredy Andrade Rodriguez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Andrade Rodriguez challenges his continued detention under 8 U.S.C. § 1225 in the West Tennessee Detention Facility without a bond hearing, a declaration that his "indefinite detention without a bond hearing is unlawful and violates due process," and release "on reasonable bond or parole."  (ECF No. 1 at PageID 7.)

In support of the Petition, Andrade Rodriguez asserts that he has been in the United States since 2004, and he has deep connections to the community, given his family and children, who are United States citizens.  (ECF No. 1-3 at PageID 13.)  A habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]"  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  Note that the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—apply equally to

§ 2241 habeas petitions such as this.  <u>Malih v. Ladwig</u>, No. 26-CV-2150, 2026 WL 417403, at *1 (W.D. Tenn. Feb. 13, 2026).  Here, to show that he is entitled to relief, Andrade Rodriguez must allege background facts relevant to the statutes at issue, including, but not limited to, his criminal history, if any.  After reviewing the Petition, it is **ORDERED** as follows:

(1)    Within **five days** of this Order, Andrade Rodriguez shall **SUPPLEMENT** the Petition and provide a factual basis as to why 8 U.S.C. § 1226 applies here, and whether he is subject to mandatory detention under § 1226(c)(1).

(2)    Within **five days** of this Order, Andrade Rodriguez shall deliver a copy of the Petition and all attachments, his supplemental facts, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with this requirement may justify dismissal of the Petition.  <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)    Within **five days** after Andrade Rodriguez fully complies with the above requirements, Respondent shall respond to the Petition in writing.

(4)    Andrade Rodriguez may file a reply within **two days** after Respondent's responsive filing.

(5)    Respondent shall not transfer Andrade Rodriguez out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 6th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE